# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAJVIR BATRA,<br><br>        Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT INC.<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Rajvir Batra, the Plaintiff herein, by his attorneys, as and for his complaint against the Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Midland"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings claims pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, and New York General Business Law § 349.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681(p) and 28 U.S.C. §§ 1331, 1367.

3. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5. Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this District.

6. Venue is also proper in this district because Plaintiff lives in this District, Defendant conducts business in this District, and the injury occurred in this District.

## PARTIES

7. At all relevant times, Plaintiff Rajvir Batra has resided in the State of New York.

8. Plaintiff is a "consumer" as that term is defined in the FDCPA, New York General Business Law § 349, and the rules of New York State Department of Financial Services.

9. Defendant Midland Credit Management, Inc. was and is a foreign corporation that did transact and does now presently transact business in the State of New York through its registered agent Corporation Service Company located at 80 State Street, Albany, New York 12207.

10. Upon information and belief, the principal purpose of Midland is the collection of debts using the legal system, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

13. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

**FACTUAL ALLEGATIONS**

14. Plaintiff adopts and realleges the foregoing as fully restated herein.

15. Prior to the commencement of this action, Plaintiff was the victim of what is now a common crime—identity theft. A fraudster used Plaintiff's personal information to open credit accounts without Plaintiff's knowledge or consent.

16. One of these fraudulent accounts was a Citibank NA Costco Anywhere Visa Card.

17. Sometime thereafter, on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

18. Consequently, Defendant began its collection efforts to collect said debt from Plaintiff.

19. On or about December 17, 2021, Midland sent or caused to be sent to the Plaintiff a collection letter.

20. Defendant's letter to the Plaintiff is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21. On or about January 17, 2022, the Plaintiff sent to the Defendant a debt validation letter. Within this letter, the Plaintiff has asserted the factual truth—the account did not belong to him, and he did not authorize it.

22. Additionally, Plaintiff requested that verify your standing to collect the alleged debt.

23. Midland's response to Plaintiff's validation letter was a set of account statements. Defendant's actions were to coerce the Plaintiff into paying a debt that is not owed by the Plaintiff.

24. Midland failed to verify its standing to collect the alleged debt and to produce an agreement to prove it owned the alleged debt.

25. Defendant maliciously sought collect a fraudulent debt from the Plaintiff.

26. Given the facts delineated above, at no time has Plaintiff owed any debt to Defendant.

27. Given the facts delineated above, at no time has Plaintiff had any accounts open with Defendant.

28. Given the facts delineated above, at no time has Plaintiff had any personal credit accounts with Defendant.

29. Given the facts delineated above, at no time has Plaintiff had any personal business

relationship with Defendant.

30. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

31. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

32. In light of the facts articulated herein, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying a debt.

33. In light of the facts articulated herein, Defendant utilized false and deceptive means to coerce Plaintiff into the paying debt.

34. In light of the facts articulated herein, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

35. In light of the facts articulated herein, Defendant attempted to collect a debt by communicating false representations or utilizing deceptive means.

36. In light of the facts articulated herein, Defendant attempted to collect a debt by mischaracterizing the amount and legal status of the alleged debt.

37. In light of the facts articulated herein, Defendant engaged in collection activity, the purpose of which was to harass the Plaintiff.

38. In light of the facts articulated herein, Defendant attempted to collect a debt not authorized by the agreement creating the debt or permitted by law.

39. Defendant's activity on these occasions were in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1).

40. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendant.

41. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

42. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## PRACTICES OF THE DEFENDANT

43. It is or was the policy and practice of Defendant to collect or attempt to collect fraudulent debts by utilizing various deceptive means.

44. It is or was the policy and practice of Defendant to collect or attempt to collect debts not authorized by any agreements.

45. Said practices and policies of Defendant are deceptive representations, which contradicts consumers' rights.

46. That the Defendant intentionally and knowingly and/or carelessly and recklessly collect debts from consumers, for the sole purpose of harassing consumers and coercing payment and collecting debts which they know or should know that the consumers do not owe.

47. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false,

confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

48. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

49. Defendant's conduct violates GBL § 349(a) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

50. As per NY GBL § 349(a) and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h) from each and every Defendant herein.

51. Plaintiff was damaged by the Defendant's conduct insomuch as experiencing worries and concerns and significant emotional harm as a result of Defendant's conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm.

52. Additionally, as a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's collection attempts of a debt that the Plaintiff did not open nor authorize. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## ALLEGATIONS OF LAW

53. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following: d, e, and f.

    i. Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii. Defendant violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

    iii. Defendant violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

    iv. Defendant violated 15 U.S.C. § 1692e(10) by utilizing false representations or deceptive means to collect an alleged debt;

    v. Defendant violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to collect an alleged debt;

    vi. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the debt or permitted by law;

54. To the extent that the Defendant attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff did not owe the underlying debt, Defendant's actions also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.

## CLAIMS FOR RELIEF

### COUNT 1: Violation of § 1692d of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

55. Plaintiff adopts and realleges the foregoing as fully stated herein.

56. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See*, 15 U.S.C. § 1692d.

57. Defendant's violation of §1692d of the FDCPA, include, but are not limited to, intentionally engaging in collection activity of a debt that was the result of identity theft and the Plaintiff did not owe and did not authorize. Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt. The consequence of this conduct of the Defendant was the harassment and abuse of the Plaintiff.

58. Defendant's violation of §1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. §1692k.

59. By engaging in conduct with the sole purpose of harassing the Plaintiff into payment of a debt that was the result of identity theft and the Plaintiff did not owe, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

60. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692d of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

61. Defendant's violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. *§1692k(a)(1)*.

62. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 2: Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection**

63. Plaintiff adopts and realleges the foregoing as fully stated herein.

64. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. *See*, 15 U.S.C. § 1692e.

65. Defendant's violation of §1692e of the FDCPA, include, but are not limited to, intentionally engaging in collection activity of a debt that was the result of identity theft and the Plaintiff did not owe and did not authorize. Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt. Defendant knew that Plaintiff did not owe the debt, but still engaged in activity that were tantamount to false and deceptive representations and false and deceptive means to collect the alleged debt.

66. A representation is "deceptive" under section 1692e if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012).

67. There are multiple judicious interpretations of Defendant's violation of §1692e in this case at bar. Defendant's communications can be construed as the debt being an authentic debt owed by the Plaintiff and Defendant having the legal right to collect it.

68. Defendant's violation of §1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

69. By engaging in false and deceptive means and utilizing false and deceptive representations in order to coerce payment of a debt that was the result of identity theft and the Plaintiff did not owe, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

70. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692e of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

71. Defendant's violation of § 1692e of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1).*

72. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 3: Violation of § 1692e(2) Of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt**

73. Plaintiff adopts and realleges the foregoing as fully stated herein.

74. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See, 15 U.S.C. § 1692e(2).*

75. Defendant's violations of § 1692e(2) of the FDCPA, include, but are not limited to, seeking to collect a debt from the Plaintiff not authorized by an agreement or permitted by law. Defendant purposefully misrepresented and mischaracterized the amount and legality of the alleged debt throughout its collection attempts. Defendant intentionally and negligently represented the alleged debt was a viable account that was to be collected by Defendant and paid to the Defendant. Defendant knew or should have known that there was no contract or agreement creating the debt because Defendant's only alternative after requests for validation was to close the account and cease collection activity. Defendant's actions were false representations of the amount of the character, amount and legal status of the alleged debt.

76. Collecting a debt which is not owing falls under misrepresenting the "character, amount, or legal status" of the debt. *See Finnegan v. University of Rochester Medical Center*, 21 F.Supp.2d 223 (W.D.N.Y. 1998).

77. Defendant's violations of § 1692e(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

78. By seeking to collect a debt from Plaintiff not authorized by a contract or law, thus representing to Plaintiff that the alleged debt was a viable account which could be paid and collected, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

79. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

80. Defendant's violations of § 1692e(2) of the FDCPA render it for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

81. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 4: Violation of § 1692e(10) Of the FDCPA – Any false representation or deceptive means to collect a debt or obtain information about a consumer**

82. Plaintiff adopts and realleges the foregoing as fully stated herein.

83. Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. *See, 15 U.S.C. § 1692e(10)*

84. Defendant's violations of §1692e(10) of the FDCPA, include, intentionally engaging in collection activity of a debt that was the result of identity theft and the Plaintiff did not owe and did not authorize. Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt. Defendant knew that Plaintiff did not owe the debt, but still engaged in activity that were tantamount to false and deceptive means to collect the alleged debt.

85. Defendant's violations of §1692e(10) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

86. By engaging in false and deceptive means in order to coerce payment of a debt that was the result of identity theft and the Plaintiff did not owe, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

87. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

88. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

### COUNT 5: Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

89. Plaintiff adopts and realleges the foregoing as fully stated herein.

90. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See, 15 U.S.C. § 1692f.*

91. Defendant's violations of §1692f of the FDCPA, include, but are not limited to, intentionally engaging in collection activity of a debt that was the result of identity theft and the Plaintiff did not owe and did not authorize. Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt Defendant knew that Plaintiff did not owe the debt, but still engaged in its collection activity. Defendant's actions were unfair and unconscionable means to collect the alleged debt.

92. The least sophisticated consumer standard is used to determine whether a practice is unfair or unconscionable. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200–01 (11th Cir. 2010); cf. *Schweizer v. Trans Union Corp.,* 136 F.3d 233, 237 (2d Cir. 1998).

93. Defendant's violations of §1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

94. By engaging in conduct with that were unfair and unconscionable in order to coerce the Plaintiff to pay a debt that was the result of identity theft and he did not owe, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

95. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

96. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 6: Violation of § 1692f(1) Of the FDCPA – Any collection or attempt to collect any amount not authorized by the agreement creating the debt or permitted by law**

97. Plaintiff adopts and realleges the foregoing as fully stated herein.

98. Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See*, 15 U.S.C. § 1692f(1).

99. Defendant's violations of § 1692f(1) of the FDCPA, include, but are not limited seeking to collect a debt from the Plaintiff not authorized by a contract or permitted by law. Defendant purposefully misrepresented and mischaracterized the amount and legality of the alleged debt throughout its collection attempts. Defendant intentionally and negligently represented the alleged debt was a viable account that was collected by Defendant and paid

to the Defendant. Defendant knew or should have known that there was no contract or agreement creating the debt because Defendant had no documentation to show that the Plaintiff owed the debt. The only documentation the Defendant could have provided was a set of account statements. Defendant's actions were clearly not permitted by law.

100. Defendant's violations of § 1692f(1) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

101. By seeking to collect a debt from Plaintiff not authorized by a contract or law, thus representing to Plaintiff that the alleged debt was a viable account which could be paid and collected, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

102. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

103. Defendant's violations of § 1692f(1) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(1).

104. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

### COUNT 7: Violations of the New York General Business Law § 349

105. Plaintiff adopts and realleges the foregoing as fully stated herein.

106. Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

107. Defendant's violations of § 349(a) of the NY GBL, include, but are not limited to, intentionally engaging in collection activity to of a debt that was the result of identity theft, and the Plaintiff did not owe and did not authorize. Moreover, Defendant knew it lacked the standing and grounds to collect on this alleged debt. Defendant knew that Plaintiff did not owe the debt, but still engaged in activity that were tantamount to false and deceptive representations and false and deceptive means to collect the alleged debt. Defendant's actions were deceptive acts and practices in its course of business.

108. Defendant's violations of § 349(a) of the NY GBL, include, but are not limited to, seeking to collect a debt from the Plaintiff not authorized by a contract or permitted by law. Defendant purposefully misrepresented and mischaracterized the amount and legality of the alleged debt throughout its collection attempts. Defendant intentionally and negligently represented the alleged debt was a viable account that was collected by Defendant and paid to the Defendant. Defendant knew or should have known that there was no contract or agreement creating the debt because Defendant had no documentation to show that the Plaintiff owed the debt. The only documentation the Defendant could have provided was a set of account statements. However, Defendant still continued its collection activity, knowing it had no legal right to do so. Defendant's actions were clearly not permitted by law and were false representations of the amount of the character, amount and legal status of the alleged debt. Defendant's actions were deceptive acts and practices in its course of business.

109. Defendant's violations of § 349(a) of the NY GBL render it liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

110. Defendant's violations of § 349(a) of the NY GBL has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

111. As a direct and proximate result of Defendant's conduct committed in violations of § 349(a) of the NY GBL, Plaintiff was damaged in that he, among other things, suffered emotional distress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

112. Defendant's violations of § 349(a) of the NY GBL render it liable for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

113. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff, Rajvir Batra prays that this Court:

a. Declare that Defendant violated the FDCPA;

b. For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against the Defendant and for Plaintiff;

c. Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

d. Declare that the Defendant violated the NY GBL;

e. Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

f. Enter judgment enjoining the Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

g. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Rajvir Batra demands trial by jury.

Dated: March 24, 2022

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**